UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALVARO MENDEZ,

                Plaintiff,

     v.

THE GEO GROUP, INC., et al.,

                Defendants.

CASE NO. C16-5279BHS

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants Joe Shepp, the GEO Group, Inc., and Joseph Tucker's ("Defendants") motion to dismiss (Dkt. 41). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 4, 2016, Plaintiff Alvaro Mendez ("Mendez") filed a Fourth Amended complaint against Defendants and the United States of America. Dkt. 37. Mendez asserts a Federal Tort Claims Act ("FTCA") assault claim against the Government, a FTCA battery claim against the Government, a state law negligence claim against

1  Defendants and the Government, and an intentional/negligent infliction of emotional
2  distress claim against Defendants and the Government. *Id*.
3       On November 3, 2016, Defendants filed a motion to dismiss for lack of
4  jurisdiction and for failure to state a claim. Dkt. 41. Mendez did not respond.

5  **II. DISCUSSION**

6  **A.    Jurisdiction**
7       Although the Court may consider failure to respond to a motion as an admission
8  that the motion has merit, Defendants' motion is without merit on the issue of
9  jurisdiction. First, Defendants argue that "diversity jurisdiction fails as a matter of law"
10 because Mendez and the individual defendants are citizens of Washington. Dkt. 41 at 5.
11 Diversity jurisdiction, however, is irrelevant because Mendez asserts a claim of federal
12 question.
13      Second, Defendants argue that there is no federal question jurisdiction over federal
14 contractors. Even if true, Mendez asserts his federal question claims against the
15 Government. Thus, this argument is without merit.
16      Third, Defendants argue that there is no Government liability for intentional torts.
17 Even if Defendants' argument were on point, the Court will let the Government address
18 Mendez's claims on these issues.
19      Fourth, Defendants argue that there is no supplemental jurisdiction over the state
20 law claims. A reasonable reading of the complaint shows that the state law claims "are
21 so related to claims in the action within such original jurisdiction that they form part of
22

the same case or controversy . . . ." 28 U.S.C. § 1367(a). Therefore, the Court denies Defendants' motion to dismiss for lack of jurisdiction.

**B.     Failure to State a Claim**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, Defendants move to dismiss Mendez's state claims for failure to state a claim. First, Defendants contend that Mendez has failed to allege outrageous conduct, which is an element of an intentional infliction of emotional distress claim. Dkt. 41 at 7–8. The case Defendants rely upon, however, addressed this element in the context of a summary judgment motion. *See Sutton v. Tacoma Sch. Dist. No. 10*, 180 Wn. App. 859 (2014). On a motion to dismiss, the Court views the material allegations that Defendants yelled derogatory remarks as true and concludes that this is sufficient to state a claim for relief.

1     Second, Defendants argue that negligence has not been sufficiently pled. While
2 the existence of a duty is a question of law, Defendants have failed to show that there is
3 no duty that Defendants owed to Mendez. Thus, the Court denies the motion to dismiss
4 this claim.

5     Finally, Defendants argue that they are immune from suit. It is unclear what
6 immunity Defendants are claiming, and, even if they are entitled to immunity,
7 Defendants have failed to show that the issue should be decided on a motion to dismiss
8 when the Court must only evaluate the allegations in the complaint. Thus, any immunity
9 defenses are premature.

### III. ORDER

11     Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 41) is
12 **DENIED**.

13     Dated this 21st day of December, 2016.

                                      BENJAMIN H. SETTLE
                                      United States District Judge