UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALVARO MENDEZ, <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, INC., et al., <br><br> Defendants. | CASE NO. C16-5279 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant United States of America's motion to dismiss (Dkt. 43). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 4, 2016, Plaintiff Alvaro Mendez ("Mendez") filed a Fourth Amended Complaint asserting claims for assault, battery, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Dkt. 37 ("FAC").

On February 23, 2017, the Government filed the instant motion to dismiss counts 1, 2, 4, and 5 for lack of jurisdiction. Dkt. 43. On March 13, 2017, Mendez responded. Dkt. 44. On March 16, 2017, the Government replied. Dkt. 45.

## II. FACTUAL BACKGROUND

In March of 2015, Immigration and Customs Enforcement ("ICE") identified Mendez as a person subject to deportation, and Mendez was subsequently placed in

ORDER - 1

custody at the Northwest Detention Center. FAC ¶¶ 2.1–2.2. On June 10, 2015, Mendez alleges that Defendant Joseph Tucker, a guard at the center, assaulted him while he was waiting in line for religious services. *Id*. ¶¶ 2.6–2.10. Relevant to the instant motion, Mendez also alleges as follows:

> Plaintiff was prevented from attending the religious service that day. On subsequent days, plaintiff did not attend his religious service due to intimidation and fear of being beaten again.
> Is believed, and therefore alleged, that a substantial motivating factor for Defendant Tucker to violently shove Plaintiff was to prevent him from attending the Catholic church service.

*Id*. ¶¶ 2.11, 2.12.

Based on this conduct Mendez asserts numerous claims, including the intentional and negligent infliction of emotional distress. In relevant part, Mendez asserts as follows:

> Defendants' acts of shoving and pushing/shoving Plaintiff, preventing plaintiff from attending church service, yelling derogatory language while Plaintiff was injured and suffering, doing this in front of all the other detainees, and not providing prompt medical treatment and/or delaying medical attention caused Plaintiff severe and extreme emotional distress.
> 
> ***
> 
> Defendant Tucker and the other Defendants had a duty to provide a safe detainee environment. Defendant Tucker and the other defendants breached their duty by shoving and pushing/shoving Plaintiff, preventing Plaintiff from attending church service, yelling derogatory language while Plaintiff was injured and suffering, doing this in front of all the other detainees, and not providing prompt or delaying medical attention. As a direct and proximate cause of Defendant Tucker's and the other defendant's breach of their duty, Plaintiff has suffered extreme emotional distress and damages to be proven at trial. Defendant Tucker and the other defendants knew, or should have known, that his actions were distressing to the Plaintiff. It was foreseeable that Defendants' actions would cause emotional distress to Plaintiff.

*Id*. ¶ 3.5, 3.6.

### III. DISCUSSION

The Government moves to dismiss Mendez's claims for assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Mendez concedes his claims for assault and battery. Dkt. 44 at 2. Therefore, the Court grants the Government's motion as to assault and battery and will discuss the merits of the other two claims.

**A.   Standard**

A defendant may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. The Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [after] [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

**B.   Waiver of Sovereign Immunity for Specific Torts**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Navajo Nation*, 537 U.S. 488, 502 (2001) (quoting *United States v. Mitchell*, 463 U.S. 206, 212

(1983)). The Federal Tort Claims Act ("FTCA") provides a limited waiver of the United States' sovereign immunity, and is the exclusive remedy for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1).

Congress expressly limited the FTCA's waiver of sovereign immunity by carving out numerous exceptions that prohibit suit against the United States for certain types of claims. Specifically, the FTCA exceptions prohibit suing the United States for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" by a federal employee that is not a federal law enforcement officer. 28 U.S.C. § 2680(h). These exceptions are to be strictly construed in favor of the United States, with all ambiguities resolved in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). Thus, "[i]f the asserted liability falls within an exception to the FTCA, then the claims must be dismissed for lack of subject matter jurisdiction." *Bibeau v. Pac, Northwest Research Found. Inc.*, 339 F.3d 942, 945 (9th Cir. 2003) (citations omitted).

Even if the claim is not explicitly labeled as an FTCA listed exception, courts "look beyond the labels used to determine whether a proposed claim is barred [under § 2680(h)]." *Snow-Erlin v. United States*, 470 F.3d 804, 808–09 (9th Cir. 2006) ("Plaintiff cannot sidestep the FTCA's exclusion of false imprisonment claims by suing for the damage of false imprisonment under the label of negligence.") In other words, "if the

gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred." *Id*.; *see also Sheehan v. United States*, 896 F.2d 1168, 1171 (9th Cir. 1990) ("Regardless of the plaintiff's characterization of the cause of action, § 2680(h) bars suit for claims based on conduct which constitutes one of the excepted torts . . . ."). Applying this reasoning, the Ninth Circuit has affirmed the dismissal of a claim for negligent infliction of emotional distress where the allegation was simply a restatement of plaintiff's slander claim which was an excluded tort under the FTCA. *Thomas-Lazear v. Fed. Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988).

The touchstone for the analysis of determining whether a claim arises out of an excluded tort is an examination of the conduct alleged. *Sheehan*, 896 F.2d at 1172. Under circumstances where the essential conduct giving rise to plaintiff's claim of negligent or intentional infliction of emotional distress is the same conduct that is an excluded tort under the FCTA, then the relabeled claim fails. *Id*. at 1207 (citing *Metz v. United States*, 788 F.2d 1528, 1535 (11th Cir. 1986) (finding plaintiff's claim of intentional infliction of emotion distress was factually indistinguishable from the misconduct alleged in plaintiff's false arrest claim which was barred under the FTCA, requiring dismissal of both causes of action)); *see also Edwards v. United States*, 2016 WL 5676338 (D.D.C. Sept. 30, 2016) (plaintiff's allegations insufficient to sustain a claim under the FTCA where plaintiff simply relabeled the excepted tort of false imprisonment as the negligent handling of paperwork).

In this case, the Government moves to dismiss Mendez's claims for the infliction of emotional distress arguing that the claims arise out of the excluded torts of assault and

battery. Dkt. 43 at 13–14. Mendez counters that his claims do not arise out of the alleged assault and battery because the claims include allegations (1) that Defendants subsequently prevented Mendez from attending church services after the alleged assault and battery, (2) that Tucker inflicted emotional distress by verbally abusing Mendez after the assault, and (3) that Defendants refused Mendez medical treatment days after the assault. Dkt. 44 at 9–12. The Court concludes that, as alleged, Mendez's claims rely on conduct independent from that which supports assault or battery.

First, the alleged verbal abuse does not necessarily depend on the facts supporting the assault. Mendez alleges that Tucker was "yelling derogatory language while [Mendez] was injured and suffering . . . ." FAC ¶ 3.5. The Government contends that "the gravamen of the plaintiff's claim is that only when he was suffering in pain from the assault did the use of 'derogatory language' then affect his well-being." Dkt. 45 at 5. The Court disagrees with this characterization of Mendez's claim because the claim does not depend on the physical state of Mendez at the time he was allegedly subjected to derogatory language. Moreover, an individual yelling derogatory language does not constitute an assault. *Brower v. Ackerley*, 88 Wn. App. 87, 93 (1997) ("words alone are not enough to make an actor liable for assault"). If the conduct alleged does not constitute an assault, then the claim is not barred. *Sheehan*, 896 F.2d at 1171 (9th Cir. 1990) ("issue in this case is whether the conduct upon which plaintiff rests her claim for intentional infliction of emotional distress constitutes an assault as that tort is traditionally defined. If it does, then the claim is barred by § 2680(h) . . . ."). Accordingly, Mendez's claims are not barred.

Second, the Government argues that Mendez's claim is also based on the failure to "render timely medical aid after the assault." Dkt. 45 at 4. This is a mischaracterization of Mendez's allegations because Mendez alleges that sometime after the assault Defendants delayed providing additional medical treatment. FAC ¶ 2.14. Based on a fair reading of the complaint, these requests were after Mendez was released from the hospital due to the initial assault. The Court concludes that the denial of subsequent requests for additional medical attention some extended period after an assault is factually distinguishable from claims based on the failure to render medical assistance immediately after shooting the victim. *See Black v. United States*, C13-5415RBL, 2013 WL 5214189, at *4 (W.D. Wash. Sept. 17, 2013). Therefore, the Court concludes that Mendez's claims, as alleged, are not barred by section 2680(h).

## IV.  ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to dismiss (Dkt. 43) is **GRANTED in part** and **DENIED in part**.

Dated this 27th day of April, 2017.

BENJAMIN H. SETTLE
United States District Judge